IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN S. SHERMAN, a minor, through ROBERT I. SHERMAN, her father and next friend, | ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 6048 |
| v. | ) ) | Judge Robert W. Gettleman |
| TOWNSHIP HIGH SCHOOL DISTRICT 214 and DR. CHRISTOPHER KOCH, State Superintendent of Education, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dawn S. Sherman, a minor, through her father and next friend, Robert I. Sherman, has brought a first amended complaint against defendants Township High School District 214 ("District 214") and Dr. Christopher Koch, in his capacity as State Superintendent of Education ("Dr. Koch"). Plaintiff alleges that the Illinois "Silent Reflection and Student Prayer Act," 105 ILCS 20/1 (the "Act"), is unconstitutionally vague and violates her rights under the First Amendment's Establishment Clause.

The Act currently provides as follows:

In each public school classroom the teacher in charge <u>shall</u> observe a brief period of silence with the participation of all the pupils therein assembled at the opening of every school day. This period shall not be conducted as a religious exercise but shall be an opportunity for silent prayer or for silent reflection on the anticipated activities of the day. (Emphasis added.)

The present controversy arose from the amendment of the statute in October 2007 to change the Act to make the period of silence mandatory rather than voluntary by substituting the word "shall" in the first sentence for the word "may," as the statute had previously been worded. By Memorandum Opinion and Order dated November 15, 2007, this court issued a preliminary

injunction against the named defendants. See 2007 WL 3446213. Thereafter, two parties were granted leave to appear as *amici curiae*: the ACLU of Illinois appeared for plaintiff, and the Alliance Defense Fund ("ADF") appeared on behalf of defendants. Two motions are currently pending before the court: the ADF's motion to dismiss the amended complaint for lack of Article III standing (which was joined by the defendants); and plaintiff's motion to certify bilateral classes for both plaintiff and defendants. For the reasons discussed below, the court denies the motion to dismiss and grants the motion for class certification.

Motion to Dismiss

ADF's motion is based on several erroneous propositions. First, the motion attacks Robert Sherman's standing, which ADF assumes was based on his status as a taxpayer. Mr. Sherman, however, is not and does not purport to be a plaintiff in this case, other than representing his minor daughter. It is her standing, not his, that is at issue.

ADF's attack on Dawn Sherman's standing is equally erroneous. ADF's argument is directed mainly to the merits of the case, rather than Ms. Sherman's standing. Such arguments are premature. ADF's other argument regarding Ms. Sherman, that her complaint does not "contain sufficient allegations of a concrete and particularized injury to meet Article III's requirements," ignores not only the complaint, but the statute and controlling case law as well. The complaint recites the statutory language noted above and alleges that both plaintiff, a high school freshman at District 214, and her father are atheists who are subject to the statute. The complaint further alleges that the Act violates the Establishment Clause, is unconstitutionally vague and overbroad, and subjects her and other students to a mandatory period of prayer. Although the complaint may lack other specifics regarding the nature of plaintiff's damages, it is

sufficient notice pleading under Fed. R. Civ. P. 8, and it clearly establishes that she has standing to complain about the constitutionality of the Act.

The Act requires each classroom teacher in Illinois to "observe a brief period of silence with the participation of all the pupils therein assembled at the opening of every school day." Under the second sentence of the Act, students are required to decide to use the "moment of silence" as an "opportunity for silent prayer or for silent reflection on the anticipated activities of the day." It is the vagueness of these terms and the requirement that plaintiff, along with all other public school pupils in Illinois, must consider using the mandatory moment of silence for prayer that forms the basis of plaintiff's complaint. Put another way, the Act is directed specifically at plaintiff and her fellow pupils.

Beginning with School Dist. of Abington Twp. v. Schempp, 374 U.S. 203 (1963), public school students like plaintiff have been accorded standing to challenge statutes like the Act that allegedly violate the Establishment Clause. See Lee v. Weisman, 505 U.S. 577 (1992); Sherman v. Comm. Consol. School Dist. 21 of Wheeling Twp., 980 F.2d 437 (7th Cir. 1992). The case on which ADF principally relies, Valley Forge College v. Americans United, 454 U.S. 464 (1982), is easily distinguished from this line of cases because the plaintiffs in that case did not allege that they were required to take part in mandatory prayer or other objectionable activity. In contrast, in the instant case Ms. Sherman's alleged injury is direct and personal. She clearly has standing as a plaintiff in this case. ADF's motion to dismiss is denied.

Motion for Bilateral Class Certification

Plaintiff asks the court to certify a plaintiff class comprising "all students in public schools in the State of Illinois, all of whom are subject to the daily 'period of silence' mandated by 105ILCS 20/1," represented by Dawn S. Sherman, and a defendant class comprising "all public school districts in the State of Illinois, all of which are required to implement the daily 'period of silence' mandated by 105 ILCS 20/1,"[1] represented by District 214.

Defendants and ADF oppose plaintiff's motion based largely–but not entirely–on objections to the proposed defendant class. Defendants and ADF argue that the defendant class fails to meet the prerequisites for class action established by Rule 23(a), and that it further fails to meet the requirements of Rule 23(b), which sets forth the circumstances in which class actions may properly be maintained. As to the Rule 23(a) requirements, defendant Koch (and apparently District 214 and ADF) concede that the defendant class meets the requirements of "numerosity" and "commonality," but they contend that the proposed defendant class does not meet the requirements of "typicality" and "adequacy of representation." Defendants and ADF also reject the ACLU's claim that the defendant class is appropriate for class certification under either Rule 23(b)(1) or 23(b)(2).[2]

---

[1] The classes proposed in plaintiff's original motion for certification were significantly different from the classes defined herein, which are those proposed by the ACLU. The plaintiff later adopted the ACLU class definitions.

[2] Plaintiff's motion for certification is unclear as to which subsection of Rule 23(b) it seeks to certify the defendant class. The ACLU's memorandum, however, argues that the proposed defendant class is appropriate for certification under either Rule 23(b)(1) or (b)(2), and, as noted above, plaintiff has adopted the ACLU's position.

4

Defendants' objections to the proposed plaintiff class are narrower. District 214 does not appear to object to the plaintiff class, while Superintendent Koch objects only to the statewide scope of the class. ADF, for its part, asserts that the proposed plaintiff class does not meet the "typicality" and "adequacy of representation" requirements of Rule 23(a).

In addition to its various Rule 23 objections, ADF argues that neither a plaintiff class nor a defendant class is necessary or appropriate in this case. ADF asserts that the relief requested, if granted, would benefit all plaintiff class members even absent class certification, and that a plaintiff class is therefore unnecessary and would only render the case more complex. ADF claims that a defendant class is similarly unnecessary, since government officials are presumed to uphold the law and would effectuate the court's ruling on the constitutionality of the Act on a statewide basis in any event, regardless of the identities of the parties in this case. Defendant Koch likewise argues that a judicial ruling on the validity of the Act will have statewide effect even without the certification of a defendant class.

Defendant Class

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions in federal court, and district courts enjoy broad discretion to determine whether the requirements of the Rule are met. See Uhl v. Thoroughbred Tech. And Telecomm, Inc., 309 F.3d 978, 985 (7th Cir. 2002); Keele v. Wexler, 149 F.3d 589, 592 (7th Cir. 1998); Vodak v. City of Chicago, 2006 WL 1037151, *4 (N.D. Ill. 2006). For a class to be certified, it must meet the four prerequisites established in Rule 23(a): (1) the class is so numerous as to make joinder impracticable; (2) there are common questions of law or fact; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative

parties will fairly and adequately represent the class. In addition to these prerequisites, the proposed class must also qualify under any one of the three subsections of Rule 23(b).

Defendants and ADF rightly alert the court to the heightened due process concerns associated with the certification of a defendant class. See Ragsdale v. Turnock, 625 F.Supp. 1212, 1223 (N.D. Ill. 1985). The court appreciates that the potential for binding absent defendants to an adverse ruling requires it to pay close attention to the requirements of Rule 23 and to ensure that absent defendants have an opportunity to present all of their defenses. Due process is satisfied by ensuring that the interests of the absentees are adequately represented. See Thillens, Inc. v. Community Currency Exchange Assoc., 97 F.R.D. 668, 674. (N.D. Ill. 1983). Under the circumstances presented here, this can be accomplished in several ways. First, defendants' interests are supported by *amicus curiae* ADF, who has taken an active role in this case, including by initiating the motion to dismiss based on standing, considered and discussed above. In addition, the court will require that adequate notice be provided to absent members of the defendant class and will liberally allow intervention. Superintendent Koch has represented to the court that he regularly communicates with the school districts across the state, so providing notice to the defendant class should not impose any burden on the class representative.

Returning to the analysis of Rule 23, the first two prerequisites of Rule 23(a) are not in dispute. At issue is whether the defenses of the proposed class representative are typical of those of the putative class members, and whether the representative will fairly and adequately represent the class. The court is persuaded that the answer to both questions is yes.

Under Rule 23(a), typicality is satisfied where the claims or defenses of the representative parties "arise from the same event or practice or course of conduct" giving rise to

6

the claims or defenses of the class.  See Keele v. Wexler, 149 F.3d 589, 595 (7th Cir. 1998).  In this case, the common "event" is the obligation of each member of the defendant class to effectuate the Act's statewide mandate.   Typicality does not require that defenses be identical or perfectly coextensive; they need only be substantially similar.  See Thillens at 678 (D.C. Ill. 1983).

      Superintendent Koch and ADF object that because District 214 has expressed no opinion as to the constitutionality of the Act, its defenses cannot be typical.  But in actions challenging the facial validity of a statute, typicality is not necessarily defeated by differences of opinion among class members as to the statute's validity.  Were it otherwise, it is difficult to imagine that any constitutional challenge to any statute could be brought as a class action, and clearly they frequently are.  See, e.g., Brown v. Kelly, 244 F.R.D. 222 (S.D.N.Y. 2007) (bilateral class action challenging state statute that restricted begging); Ragsdale v. Turnock, 625 F. Supp. 1212 (N.D. Ill. 1985) (bilateral class action challenging state statute that restricted abortion); Redhail v. Zablocki, 418 F. Supp. 1061 (E.D. Wis. 1976) (bilateral class action challenging state statute that restricted marriage); Hopson v. Schilling, 418 F. Supp. 1223 (N.D. Ind. 1976) (bilateral class action challenging state statute regarding welfare benefits).  As the ACLU points out in its briefs, local officials may disagree as to whether the statewide laws they are charged with enforcing are in fact constitutional.  Yet these officials are no less required to carry out their mandate, unless and until they are ordered to desist by a competent authority.

      Superintendent Koch himself has represented that "[s]ome districts may be indifferent to the moment of silence, like District 214, some may oppose it as a matter of policy, and others may support it," and agrees that they are nonetheless obligated to enforce the law. Whatever the

7

position of any individual school district on the constitutionality of the Act, the common obligation to implement it gives rise to a common defense. In fact, District 214 has indicated its intent to raise its obligation to enforce state law as a defense. Typicality cannot rest on the fortuitousness of plaintiff's attendance in a particular school district. Indeed, variations in factual circumstances (for example, in the manner or degree to which absent defendants are applying the Act) do not defeat the typicality of the class representative's defenses. See Brown v. Kelly, 244 F.R.D. 222, 230 (S.D.N.Y. 2007) ("if factual distinctions could preclude findings of commonality and typicality under Rule 23(a), they would be the death knell for class actions challenging the systemic enforcement of an unconstitutional statute.")

In any event, any perceived weaknesses in District 214's status as class representative stemming from its professed neutrality on the issue of validity are offset by the inclusion of Dr. Koch as a named defendant and by the participation of ADF as *amicus curiae*. Although the parties have yet to proceed to a full briefing on the merits, it is evident from the preliminary pleadings that both Dr. Koch and ADF intend to defend the constitutionality of the Act. Moreover, any absent defendant who wishes to intervene to defend the validity of the Act will have the opportunity to do so.

These same factors support the court's finding that the defendant class will be adequately represented by District 214. Under Rule 23(a), representation of a class is adequate where the class representative, (1) has a sufficient stake in the outcome to ensure zealous advocacy, and has no claims antagonistic to or conflicting with the claims of other class members, and (2) is represented by qualified, experienced counsel. Vodak v. City of Chicago, 2006 WL 1037151, *6 (N.D. Ill. 2006).

ADF argues that because District 214 is neutral as to the validity of the Act, it cannot be a vigorous advocate on behalf of the defendant class. But District 214 certainly has an interest in avoiding liability under 42 U.S.C. § 1983, and it has indicated its intent to pursue a vigorous defense based on its obligations under the Act. That defense, at least, is common to all members of the class. Further, as noted above, the ADF has demonstrated its intent and ability to undertake a zealous defense of the Act, and the court will liberally allow any unnamed defendants who wish to intervene to defend the Act to do so as well. Because the court can fairly conclude that by pursuing their own interests, District 214, ADF, and potential intervenors will necessarily raise all defenses common to the class, it finds representation adequate. See U.S. v. Trucking Employers, Inc., 75 F.R.D. 682, 687 (D.D.C. 1977). And because the court finds that District 214 is a proper class representative, ADF's objection that the law firm of Franczek Sullivan is "wedded to the interests of District 214" of little moment. The Franczek Sullivan firm is experienced in complex class actions and education law, and the court has confidence in its ability to represent the defendant class.

Turning now to Rule 23(b), the proposed defendant class fits squarely into the circumstances articulated in Rule 23(b)(1)(A). The parties are in apparent agreement that whatever the court's ultimate ruling, it should be effectuated statewide. Yet the court is confronted with something of a power vacuum, since no statewide executive with authority for enforcing the Act has agreed to exercise that authority; the Attorney General has declined to intervene in the case, and the Superintendent has indicated that he will not assume enforcement authority. Meanwhile, the court is not persuaded by defendants' and ADF's arguments that a

uniform result will obtain without a directive that is binding on all school districts statewide.[3]  In any event, the lack of "need" for a class is an insufficient basis for declining certification of a class that otherwise satisfies Rule 23.  See Brown v. Scott, 602 F.2d 791 (7th Cir. 1979).  Because the potential for inconsistent adjudications that would establish incompatible standards for defendants is high, certification of the proposed defendant class is thus appropriate under Rule 23(b)(1)(A).

Plaintiff Class

Having determined that a defendant class is appropriate, the need to certify the proposed plaintiff class is manifest.  On this point the parties seem to agree: defendant Koch asserts that the plaintiff class cannot be certified unless the proposed defendant class is also certified, while ADF argues that the defendant class may be certified only if the plaintiff class is also certified.  Article III requirements and common sense both dictate that the scope of the classes should mirror one another.  See Payton v. Kayne County, 308 F.3d 673 (7th Cir. 2002).   The court is not, however, relieved from its duty to ensure that the proposed plaintiff class also satisfies the requirements of Rule 23.  For the reasons discussed below, the court is satisfied that it does.

Only ADF disputes that the plaintiff class meets the requirements of Rule 23, and its only objections are to "typicality" and "adequacy of representation."  As to typicality, ADF's argument fails for the same reasons it fails as to the defendant class: differences of opinion among plaintiff class members as to the validity of the Act or the propriety of the policy it codifies are no obstacle to finding the named plaintiff's claim typical.   Regardless of how any

---

[3]The court was informed at the hearing that some school districts continue to enforce the Act, while others do not.

particular class member feels about the Act, all class members have an interest in being subject only to laws that pass constitutional muster. Because the Act's statewide mandate reaches all public school students, plaintiff's claim "arises out of a common event or practice or course of conduct that gives rise to the claims of other class members," and is "based on the same legal theory." The typicality requirement is thus satisfied. See Keele, 149 F.3d at 595.

ADF's "adequacy" objections also fail. Plaintiff and her counsel (buttressed by the ACLU) have shown themselves to be zealous and capable representatives with an obvious interest in the outcome of this case. While it may be true that some plaintiff class members support the Act, such differences of opinion do not amount to "antagonistic" interests sufficient to undermine class certification. Thillens, at 677 (difference of opinion among class members not dispositive of certification). Accordingly, the court finds that the proposed plaintiff class satisfies Rule 23(a).

Finally, the proposed plaintiff class meets the requirements of Rule 23(b). As plaintiff pointed out without serious disagreement, Rule 23(b)(2) is appropriate in civil rights cases seeking exclusively injunctive relief. See Wallace v. Chicago Housing Authority 224 F.R.D. 420, 431 (N.D. Ill 2004).

## **CONCLUSION**

For the foregoing reasons, the court certifies:

A. A plaintiff class defined as: all students in public schools in the State of Illinois, all of whom are subject to the daily "period of silence" mandated by 105ILCS 20/1, represented by plaintiff Dawn S. Sherman, a minor, through Robert I. Sherman, her father and next friend. Gregory E. Kulis and Richard D. Grossman are designated counsel for the plaintiff class.

11

B. A defendant class defined as: all public school districts in the State of Illinois, all of which are required to implement the daily "period of silence" mandated by 105 ILCS 20/1, represented by Township High School District 214. Brian D. McCarthy, Donald Y. Yu, and Puja Singh of the Franczek and Sullivan law firm are designated counsel for the defendant class.

The court directs the parties (including *amici curiae*) to meet and confer with respect to notice to be sent to the defendant class through the office of the State Superintendent of Education. Proposed forms of notice shall be filed with the court on or before April 11, 2008. This matter is set for hearing regarding notice on April 17, 2008 at 11:00 a.m.

Enforcement of this order will be stayed pending the court's approval of notice.

Finally, the court has been presented with the issue of whether the preliminary injunction will apply to the defendant class upon certification. Consistent with the procedure adopted in Harris v. Graddick, 593 F.Supp. 128, 137 (M.D. Ala. 1984), the court will "allow a period of time prior to the effective date of any injunctive relief [other than the preliminary injunction currently in place against the named defendants] during which [any member of the defendant class] dissatisfied with the present representation may request to be joined as a named defendant, and may present to the court any defenses inadequately presented or not already presented."

**ENTER:     March 28, 2008**

_____
**Robert W. Gettleman
United States District Judge**