IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN S. SHERMAN, a minor, through )
ROBERT I. SHERMAN, her father and next friend, )
on behalf of herself and all others similarly )
situated, )
 )
                Plaintiff, )
 )    No. 07 C 6048
    v. )
 )    Judge Robert W. Gettleman
TOWNSHIP HIGH SCHOOL DISTRICT 214, on )
behalf of itself and all other school districts )
similarly situated, and DR. CHRISTOPHER )
KOCH, State Superintendent of Education, )
 )
                Defendants. )

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff Dawn S. Sherman, a minor, through Robert I. Sherman, her father and next friend, brought a first amended complaint against defendants Township High School District 214 ("District 214") and Dr. Christopher Koch, as State Superintendent of Education ("Dr. Koch"), alleging a violation of plaintiff's First Amendment rights under 42 U.S.C. § 1983.[1] Plaintiff, an atheist, seeks a preliminary injunction preventing defendants from implementing 105 ILCS 20/1,

---

[1]On March 28, 2008, this court certified a plaintiff class consisting of all students in public schools in the state of Illinois, and a defendant class consisting of all public school districts in the state of Illinois. The court stayed the effective date of any injunctive relief against the defendant class (all of which were notified of the court's order by defendant Koch) to allow any member of the defendant class dissatisfied with the present representation to request to be joined as a named defendant and present any defenses. The court has received no such request and thus enters the instant amended memorandum opinion and order expanding the scope of the preliminary injunction entered on November 15, 2007, to apply to all defendant class members. The use of the term "defendants" in this amended memorandum opinion and order refers to Township High School District 214, Dr. Christopher Koch, and the members of the certified defendant class.

which mandates a period of silence for silent prayer or reflection at the start of each school day. Dr. Koch has moved to dismiss the case as against him. For the reasons stated on the record at the hearings conducted on November 14 and 15, 2007, and as discussed below, the court grants plaintiff's motion for a preliminary injunction and denies Dr. Koch's motion to dismiss.

## FACTS

Since 1969, Illinois has had a statute regarding a "period of silence" to be observed daily in public schools statewide. The original statute stated that:

> In each public school classroom the teacher in charge <u>may</u> observe a brief period of silence with the participation of all the pupils therein assembled at the opening of every school day. This period shall not be conducted as a religious exercise but shall be an opportunity for silent prayer or for silent reflection on the anticipated activities of the day. (Emphasis added.)

In 1990, the Illinois legislature amended the statute, 105 ILCS 20/1, to title the law "The Silent Reflection Act." In 2003, the legislature again amended the statute to change its name to "The Silent Reflection and Student Prayer Act." The amendment also added the following substantive section, codified as 105 ILCS 20/5:

> Sec. 5. Student prayer. In order that the right of every student to the free exercise of religion is guaranteed within the public schools and that each student has the right to not be subject to pressure from the State either to engage in or to refrain from religious observation on public school grounds, students in the public schools may voluntarily engage in individually initiated, non-disruptive prayer that, consistent with the Free Exercise and Establishment Clauses of the United States and Illinois Constitutions, is not sponsored, promoted or endorsed in any manner by the school or any school employee.

In October 2007, the legislature amended the law once again to make the period of silence mandatory. The statute now reads, in relevant part, "In each public school classroom the teacher <u>shall</u> observe a brief period of silence with the participation of all the pupils therein

2

assembled at the opening of every school day." (Emphasis added.) The statute became effective upon its passage, and plaintiff's school began implementing the statute in October by announcing a "moment of silence" at the beginning of each school day.

**DISCUSSION**

Plaintiff has asked this court to preliminarily enjoin defendants from holding a daily period of silence in Illinois public schools under the Silent Reflection and Student Prayer Act. A preliminary injunction is an "extraordinary remedy" and may be issued only if the moving party demonstrates: some likelihood of success on the merits, an inadequate remedy at law; and irreparable harm if the injunction is denied. Indiana Civil Liberties Union v. O'Bannon, 259 F.3d 766, 769 (7th Cir. 2001). If these elements are met, the court must then balance the irreparable harm the non-movant will suffer if the injunction is granted against the irreparable harm to the moving party if relief is denied. Id. The court must also consider the interests of the public in determining whether to issue a preliminary injunction. Id.

Vagueness

Plaintiff argues regarding the merits of the instant lawsuit that the statute in question is void because it is unconstitutionally vague. Under the "void-for-vagueness" doctrine, "'a statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'" Roberts v. United States Jaycees, 468 U.S. 609, 629 (1984), (quoting Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)).

3

A vague law is especially troublesome when, as in the instant case, "the uncertainty induced by the statute threatens to inhibit the exercise of constitutionally protected rights." Okpalobi v. Foster, 190 F.3d 337, 358 (5th Cir. 1999), (quoting Colautti v. Franklin, 439 U.S. 379, 391 (1979) (citations omitted)). In that instance, the court's standard of review is more stringent; a vague law that chills First Amendment rights is void on its face "even when [the law] could have had some legitimate application." Id.

The court finds that plaintiff has established a likelihood that she will prevail in her claim that the Silent Reflection and Student Prayer Act is unconstitutionally vague. Initially, the statute provides no direction whatever as to: how the period of silence should be implemented (e.g., whether the purpose of the period of silence should be explained to the pupils); what time of day the period of silence should occur (does the "opening" of the school day mean as soon as the pupils enter the classroom, after the pledge of allegiance, or some other time before the beginning of class?); how long the period of silence should last (two seconds; two minutes?); and whether pupils are permitted to move about the room during the period of silence or whether they must stand at or sit in their seats. Although counsel for Dr. Koch stated that "everybody knows what it means to be quiet," it appears to the court that the definition of "quiet" as it applies to this statute is far from clear, or that it equates to the "silence" mandated by the statute.[2] In addition, although the statute is directed at the "school classroom teacher," counsel for defendant District 214 has informed the court that it implements the mandated period of silence on a school-wide basis.

---

[2] Webster's Unabridged Dictionary defines "silence" as including not merely the absence of sound, but "stillness" as well.

More importantly, the Silent Reflection and Student Prayer Act also fails to delineate what penalties exist for pupils who do not remain silent, teachers who refuse to hold a period of silence in their classrooms, and schools or districts that refuse to implement the statute in whole or in part (as the court is informed some districts have decided). The statute, in fact, fails to provide for any enforcement of the statute at all. Indeed, the Illinois Superintendent of Education seeks dismissal because he has not decided to enforce the statute. At essentially every level, the statute requires a "guess at its meaning," and it provides room for differing applications. Although, as discussed below, there may be possible constitutional applications of the statute, the statute has a potential chilling effect on First Amendment rights. The court therefore finds that plaintiff is likely to prevail on her claim that the statute is unconstitutionally vague on its face.

Establishment and Free Exercise Clauses

The vagueness of the the Silent Reflection and Student Prayer Act creates yet another possible constitutional problem–potential violations of the Establishment Clause of the Constitution. "Families entrust public schools with the education of their children, but condition their trust on the understanding that the classroom will not purposely be used to advance religious views that may conflict with the private beliefs of the student and his or her family. Students in such institutions are impressionable and their attendance is involuntary." Edwards v. Aguillard, 482 U.S. 578, 584 (1987). For that reason, "'[i]n no activity of the State is it more vital to keep out divisive forces than in its schools....'" Id. (quoting Illinois ex rel. McCollum v. Board of Education, 333 U.S. 203, 231 (1948) (opinion of Frankfurter, J.)).

5

As discussed above, the statute provides no guidance as to how the period of silence should be implemented. Defendant District 214 has represented to the court that it merely announces "a moment of silence" at the beginning of each school day. A different school or teacher, seeking more faithful adherence to the statute, might read the statutory language to pupils. The precise language of the statute, then, instructs pupils to <u>choose</u> between prayer and thinking about "the anticipated activities of the day." At a basic level, the court notes that any pupil choosing to do anything but pray or think about that day's activities—the previous night's Bears game, for example—would be in violation of the statute.

At a more fundamental level, though, by giving pupils a choice between two options, the first of which is prayer, the statute forces pupils to consider prayer in determining how to use their period of silence. This court (as well as plaintiff) agrees with counsel for Dr. Koch that a period of silence alone is not unconstitutional. The court must be mindful, however, of the Illinois legislature's decision to add the word "prayer" to both the title and text of an existing statute, as well as the problems discussed above. A period of silence that forces children to consider prayer crosses the line by "convey[ing] or attempting to convey the message that children should use the moment of silence for prayer," in a possible violation of the Establishment Clause of the Constitution. <u>See</u> <u>Wallace v. Jaffree</u>, 472 U.S. 38, 73 (1985).

Finally, the statute is vague as to what activities are permitted during the period of silence. It seems to the court, from the representations made by counsel for Dr. Koch, that pupils would be permitted to pray silently at their desks. But would a Muslim pupil be permitted to kneel on a prayer rug on the floor? Would a pupil be permitted to look at a Bible? Would a pupil whose religion requires chanting be permitted to pray, even though doing so would not be

6

"silent"? Because of the statute's vagueness, the court is also concerned about possible violations of pupils' rights under the Free Exercise Clause of the Constitution.

Preliminary Injunction Standards

For the reasons discussed above, the court finds that there is a strong likelihood of plaintiff's success on the merits of the instant lawsuit. There is also no adequate remedy at law; only an injunction will prevent a violation of pupils' First Amendment rights. Further, without an injunction, plaintiff and other pupils will suffer irreparable harm in the possible violation of their Establishment and Free Exercise Clause rights. That harm, of course, greatly outweighs any harm to Illinois schools should this court deny the preliminary injunction, because teachers and school districts would merely resume their activities as conducted before the statute took effect in October. This court also finds that, because of the First Amendment rights at issue, the issuance of a preliminary injunction is in the interest of the public.

Defendant Koch's Motion to Dismiss

Dr. Koch has moved to dismiss on the ground that the State Superintendent of Education is not a proper defendant in this case because the Silent Reflection and Student Prayer Act does not give him enforcement powers. As chief executive officer of the Illinois State Board of Education, however, Dr. Koch is "responsible for the educational policies and guidelines for public schools" in Illinois (105 ILCS 5/1A-4(C)), and is entrusted "[t]o supervise all the public schools in the state." 105 ILCS 5/2-3.3. Presumably, these powers would include the authority to compel school districts to comply with state laws such as the statute in question. Indeed, at

the hearing on November 14, 2007, counsel for Dr. Koch stated that the State Superintendent might have the authority to withhold funding from any school district that failed to comply with a statutorily imposed state mandate.

For these reasons, the court concludes that Dr. Koch, in his official capacity as the State Superintendent of Education, is the responsible state officer for enforcing the period of silence statute, and is therefore a proper party defendant in this case. His motion to dismiss is denied.

## CONCLUSION

For the reasons discussed above, defendants and all members of the defendant class are preliminarily enjoined from implementing or enforcing the Silent Reflection and Student Prayer Act.

## ORDER

It is hereby ordered that defendant District 214, Dr. Koch and the members of the defendant class are preliminarily enjoined from implementing or enforcing the Silent Reflection and Student Prayer Act, 105 ILCS 20/1, until further order of this court. Defendant Koch is directed to send a copy of this memorandum opinion and order to each member of the defendant class.

**ENTER: June 2, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**